## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Leroy Gonzalez | : | CIVIL ACTION |
| v. | : | |
| City of Philadelphia and | : | |
| Police Officer Thomas Liciardello, | : | |
| Badge No. 4383 | : | CIVIL ACTION NO. |
| Police Officer Michael Spicer, | : | |
| Badge No. 5180 | : | |
| Police Officer Sean O'Malley, | : | |
| Badge No. 6991 | : | |
| Police Officer Perry Betts, | : | |
| Badge No. 6761 | : | |
| | : | Jury Trial Demand |

| | | |
|---|---|---|
| Leroy Gonzalez | : | Civil Action |
| v. | : | |
| City of Philadelphia and | : | |
| Police Officer Thomas Liciardello, | : | |
| Badge No. 4383 | : | CIVIL ACTION NO. |
| Police Officer Michael Spicer, | : | |
| Badge No. 5180 | : | |
| Police Officer Sean O'Malley, | : | |
| Badge No. 6991 | : | |
| Police Officer Perry Betts, | : | |
| Badge No. 6761 | : | |
| | : | Jury Trial Demand |
| | : | No. 20161202499 |
| | : | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

Defendants, Police Officers Thomas Liciardello, Michael Spicer, and Perry Betts,
(collectively "Defendant NFU Officers") by and through their undersigned counsel, Marshall
Dennehey Warner Coleman & Goggin and Joseph J. Santarone, Esquire, hereby remove the

above-captioned matter to this Honorable Court and provide notice of same to the Plaintiff. In support of the removal, Defendant NFU Officers aver:

1.      Plaintiff instituted this action by filing a Complaint in the Court of Common Pleas of Philadelphia County on or about December 22, 2016. (A copy of Plaintiff's Complaint is attached hereto as Exhibit "A").

2.      Plaintiff's Complaint was served on Counsel for Defendant NFU Officers on February 6, 2017.

3.      Defendants City of Philadelphia and Officer O'Malley have been served with Plaintiff's Complaint and consent to this removal.

4.      As Defendant NFU Officers were served on February 6, 2017, no Answer or other response to Plaintiff's Complaint has been filed. In filing this Notice of Removal, Defendant NFU Officers do not waive any defense or counterclaim that may be available to them.

5.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of February 6, 2017, when Defendant NFU Officers were served with Plaintiff's Complaint.

6.      Plaintiff's Complaint avers a cause of action pursuant to 42 U.S.C. §1983, alleging violations of the Fourth and Fourteenth Amendments and several state law claims.

7.      The above-described Civil Action is one in which this Honorable Court has original jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiff's Complaint avers a cause of action arising out of Constitution, laws or treatises of the United States, Federal law, and thereby raising Federal questions.

8.      This case, therefore, should be removed to this Honorable Court by notice pursuant to 28 U.S.C. §1441.

WHEREFORE, Defendant NFU Officers respectfully request the above-captioned action currently pending in the Court of Common Pleas of Philadelphia County, be removed to this Honorable Court.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

JOSEPH J. SANTARONE, ESQUIRE
Attorney for Police Officers Thomas Liciardello,
Michael Spicer, and Perry Betts

DATE: 2/21/17

# EXHIBIT A

OMNIS LAW GROUP, LLC
BY:  COLEY O. REYNOLDS, ESQUIRE
Attorney I.D. No. 87923
1515 Market Street, Suite 1210
Philadelphia, PA 19102
cor@omnislawgroup.com
610-627-2300

*Filed and docketed by the Office of Judicial Records*

**Attorney for Plaintiff, Leroy Gonzalez**

| | |
|---|---|
| LEROY GONZALEZ | : COURT OF COMMON PLEAS |
| c/o OMNIS LAW GROUP, LLC | : PHILADELPHIA COUNTY |
| | : |
| vs. | : CIVIL DIVISION |
| | : |
| CITY OF PHILADELPHIA and | : _____ Term, 2016 |
| POLICE OFFICER, THOMAS LICIARDELLO, | : |
| Badge No.: 4383 | : No.: |
| POLICE OFFICER MICHAEL SPICER, | : |
| Badge No.: 5180 | : |
| POLICE OFFICER SEAN O'MALLEY, | : |
| Badge No.: 6991 | : |
| POLICE OFFICER PERRY BETTS, | : |
| Badge No.: 6761 | : |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

2

Case ID: 161202499

**OMNIS LAW GROUP, LLC**
**BY:  COLEY O. REYNOLDS, ESQUIRE**
Attorney I.D. No. 87923
1515 Market Street, Suite 1210
Philadelphia, PA 19102
cor@omnislawgroup.com
610-627-2300



Filed and Attested by the
Office of Judicial Records
22 DEC 2016 12:04 pm
E. EDWARDS

**Attorney for Plaintiff, Leroy Gonzalez**

---

| | |
|---|---|
| LEROY GONZALEZ | : COURT OF COMMON PLEAS |
| c/o OMNIS LAW GROUP, LLC | : PHILADELPHIA COUNTY |
| | : |
| | : CIVIL DIVISION |
| vs. | : |
| | : _____ Term, 2016 |
| CITY OF PHILADELPHIA and | : |
| POLICE OFFICER, THOMAS LICIARDELLO, | : No.: |
| Badge No.: 4383 | : |
| POLICE OFFICER MICHAEL SPICER, | : |
| Badge No.: 5180 | : |
| POLICE OFFICER SEAN O'MALLEY, | : |
| Badge No.: 6991 | : |
| POLICE OFFICER PERRY BETTS, | : |
| Badge No.: 6761 | : |

---

## COMPLAINT IN CIVIL ACTION

### PARTIES

1.     Plaintiff, LEROY GONZALEZ, is an adult citizen who is a resident of the United

States of America and of the County of Philadelphia, Pennsylvania.

2.     Defendant, CITY OF PHILADELPHIA, is a municipality of the Commonwealth

of Pennsylvania, with a business address of 1515 Arch Street, 17th Floor, Philadelphia, PA and

owns, operates, manages, directs and controls the Philadelphia Police Department, which

employed the other named Defendants, POLICE OFFICER THOMAS LICIARDELLO,

POLICE OFFICER MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY AND

1

Case ID: 161202499

POLICE OFFICER PERRY BETTS, at all times relevant to this cause of action. The City of Philadelphia's principal place of business is located at the above stated address.

3.      Defendant, POLICE OFFICER THOMAS LICIARDELLO, was at all times relevant to this Complaint a police officer with the Philadelphia Police Department, with a business address as stated above. He is being sued in his individual capacity and in his capacity as an employee, agent and/or ostensible agent of the City of Philadelphia at all times relevant to this Complaint.

4.      At all times relevant to this Complaint, Defendant, POLICE OFFICER THOMAS LICIARDELLO, was an agent, ostensible agent, servant, and/or employee of Defendant, CITY OF PHILADELPHIA, acting within the course and scope of his employment and under the color of state law.

5.      Defendant, POLICE OFFICER MICHAEL SPICER, was at all times relevant to this Complaint a police officer with the Philadelphia Police Department, with a business address as stated above. He is being sued in his individual capacity and in his capacity as an employee, agent and/or ostensible agent of the City of Philadelphia at all times relevant to this Complaint.

6.      At all times relevant to this Complaint, Defendant, POLICE OFFICER MICHAEL SPICER, was an agent, ostensible agent, servant, and/or employee of Defendant, CITY OF PHILADELPHIA, acting within the course and scope of his employment and under the color of state law.

7.      Defendant, POLICE OFFICER SEAN O'MALLEY, was at all times relevant to this Complaint a police officer with the Philadelphia Police Department, with a business address as stated above. He is being sued in his individual capacity and in his capacity as an employee, agent and/or ostensible agent of the City of Philadelphia at all times relevant to this Complaint.

2

Case ID: 161202499

8.     At all times relevant to this Complaint, Defendant, POLICE OFFICER SEAN

O'MALLEY, was an agent, ostensible agent, servant, and/or employee of Defendant, CITY OF

PHILADELPHIA, acting within the course and scope of his employment and under the color of

state law.

9.     Defendant, POLICE OFFICER PERRY BETTS, was at all times relevant to this

Complaint a police officer with the Philadelphia Police Department, with a business address as

stated above. He is being sued in his individual capacity and in his capacity as an employee,

agent and/or ostensible agent of the City of Philadelphia at all times relevant to this Complaint.

10.     At all times relevant to this Complaint, Defendant, POLICE OFFICER PERRY

BETTS, was an agent, ostensible agent, servant, and/or employee of Defendant, CITY OF

PHILADELPHIA, acting within the course and scope of his employment and under the color of

state law.

11.     At all times relevant to this Complaint, Defendant, CITY OF PHILADELPHIA

was responsible for the training and/or supervision of Defendants, POLICE OFFICERS

THOMAS LICIARDELLO, MICHAEL SPICER, SEAN O'MALLEY and PERRY BETTS and,

therefore, knew or should have known of Defendants, POLICE OFFICERS THOMAS

LICIARDELLO, MICHAEL SPICER, SEAN O'MALLEY and PERRY BETTS aforementioned

illegal activities involving Plaintiff.

12.     At all times relevant to this Complaint, all Defendants acted in concert and

conspiracy to improperly and/or falsely arrest, falsely imprison, assault, batter, search, imprison,

maliciously prosecute, defame, intentionally and/or negligently inflict emotional distress upon,

and invade the privacy of Plaintiff and otherwise deprive the Plaintiff of his rights guaranteed by

the laws and Constitution of the Commonwealth of Pennsylvania.

3

Case ID: 161202499

**FACTS**

13.    On or about May 25, 2009, Plaintiff was sitting alone in his vehicle (hereinafter "the Buick"), located at the 2800 Block of Rosehill Street, Philadelphia, Pennsylvania.

14.    At approximately 11:30 AM, Defendant, POLICE OFFICER THOMAS LICIARDELLO, acting in his capacity as an agent, ostensible agent, servant and/or employee of Defendant, CITY OF PHILADELPHIA, without probable cause, entered into the Buick.

15.    Defendant, POLICE OFFICER, THOMAS LICIARDELLO, then threw Plaintiff to the ground, causing mental and physical injuries, and handcuffed the Plaintiff, causing further injury without probable cause.

16.    At that time, Defendants, POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY BETTS, unlawfully and maliciously planted numerous items of false evidence in the Plaintiff's vicinity, to create the illusion of probable cause, to justify their grossly illegal police misconduct.

17.    Defendants, POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY BETTS, then falsely arrested Plaintiff, against his will and without probable cause.

18.    Plaintiff was then transported to a police department and charged with Manufacture, Delivering or Possession with Intent to Deliver Controlled Substances (35 P.S. § 780-113(a)(30)) and Possession of a Controlled Substance (35 P.S. § 780-113(a)(16).

19.    Plaintiff's charges referenced immediately above were based upon the false evidence, unlawfully and maliciously planted in his vicinity by, and the false statements of

4

Defendants, POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY BETTS.

20.     On or about August 19, 2009, the charges against Plaintiff were dismissed for "Lack of Prosecution."

21.     On or about September 14, 2009, the Commonwealth refiled the charges against Plaintiff.

22.     On or about October 10, 2009, Plaintiff's charges were "Held for Court" by the Honorable Joseph C. Waters and a docket was created in the Philadelphia Court of Common Pleas on the next day.

23.     On or about April 12, 2010, Plaintiff plead guilty to Manufacture, Delivering or Possession with Intent to Deliver Controlled Substances (in violation of 35 P.S. § 780-113(a)(30)). The remaining charges were "Nolle Prossed."

24.     As a result of the conduct of the Defendants, Plaintiff served approximately seven hundred and fifty-four (754) days incarcerated.

25.     On or about May 21, 2013, police officer Jeffrey Walker was arrested as a result of a sting by the Federal Bureau of Investigations. Walker's arrest was the result of an investigation by the FBI during which Walker planted drugs inside a Philadelphia resident's car and then broke into the resident's home to steal Fifteen Thousand Dollars ($15,000). Walker was charged with Attempted Robbery Which Interferes With Interstate Commerce (in violation of 18 U.S.C. § 1951(a)) and Carrying A Firearm During And In Relation To A Crime Of Violence (in violation of 18 U.S.C. § 924(c)(1)).

26.     After his arrest, now former police officer Jeffrey Walker implicated, among others, Defendants POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER

5

MICHAEL SPICER and POLICE OFFICER PERRY BETTS, admitting that he and Defendants POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL SPICER and POLICE OFFICER PERRY BETTS, and other officers commonly planted false evidence on suspects, in their homes and other areas; would conduct illegal police raids without probable cause and based on false information; would lie on police paperwork; and, testify falsely. Walker pled guilty and subsequently testified in federal court against his former colleagues.

27.     On July 29, 2015, Jeffrey Walker was sentenced to Forty-Two (42) months in prison on July 29, 2015.

28.     On September 25, 2014, Leroy Gonzalez, by and through counsel, filed an untimely Post Conviction Relief Act ("PCRA") petition seeking a new trial.

29.     On August 7, 2015, the Honorable Sheila Woods-Skipper, without objection from the Commonwealth, granted the PCRA petition filed by Plaintiff.

30.     On August 7, 2015, due, in large part, to the admissions of police misconduct by former police officer Jeffrey Walker and their own investigation into the matter, the Commonwealth agreed to voluntarily "Nolle Prosse" all charges against the Plaintiff.

31.     It is believed and, therefore, averred that Plaintiff was the victim of the aforementioned actions of Defendants.

32.     The actions of all Defendants against the Plaintiff were undertaken knowingly, intentionally, negligently, recklessly, maliciously, in an extreme and outrageous manner and/or with the reckless disregard of the truth.

33.     The actions of all Defendants against the Plaintiff described above were undertaken in the absence of probable cause or other valid or reasonable lawful basis.

6

Case ID: 161202499

34.     As a result of the conduct of all Defendants, Plaintiff suffered and continues to suffer damages, including pain and suffering, emotional distress, mental anguish, fear, terror, grief, shame, humiliation, loss of reputation, scorn of the community, and/or related financial losses, including, but not limited to: lost wages and loss of future earning potential.

35.     As a direct and proximate result of the actions of all Defendants, Plaintiff was deprived of the rights, privileges and immunities guaranteed by the laws and Constitution of the Commonwealth of Pennsylvania.

### COUNT I

### PLAINTIFF, LEROY GONZALEZ v. ALL DEFENDANTS

### ASSAULT AND BATTERY

36.     Paragraphs 1-35 of the Complaint are incorporated herein by reference.

37.     On or about May 25, 2009, Defendants CITY OF PHILADELPHIA and POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY BETTS, acting in concert, conspiracy and/or jointly, did knowingly, intentionally, maliciously and/or recklessly commit an assault and battery upon Plaintiff.

38.     Defendants, in concert with each other, engaged in concealment, fraud and subterfuge to prevent the relevant and truthful facts of plaintiff's arrest from being discovered until August 7, 2015.

39.     At the time of Defendants' conduct, Plaintiff was placed in imminent apprehension of intentional harmful and offensive contact and also was subject to said intentional harmful and offensive contact.

7

Case ID: 161202499

40.   As a result of Defendants' conduct, Plaintiff suffered and continues to suffer personal injuries, pain and suffering, emotional distress, mental anguish and financial loss, all of which are described in detail herein.

41.   The actions of all Defendants exceeded the normal standards of decent and reasonable conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

WHEREFORE, Plaintiff LEROY GONZALEZ requests that this Court:

    a.   Award damages to the plaintiff against Defendant IN AN AMOUNT IN EXCESS OF FIFTY THOUSAND DOLLARS ($50,000.00)

    b.   Award of costs of this action to the Plaintiff

    c.   Award reasonable attorney's fees to the plaintiff in accordance with 42 U.C. §1983;

    d.   Award such other and further relief as this Court may deem appropriate.

## COUNT II

### PLAINTIFF, LEROY GONZALEZ v. ALL DEFENDANTS

### FALSE ARREST, FALSE IMPRISONMENT AND ABUSE OF PROCESS

42.   Paragraphs 1-41 of the Complaint are incorporated herein by reference.

43.   On or about May 25, 2009, and until August 7, 2015, Defendants CITY OF PHILADELPHIA and POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY BETTS, acting in concert, conspiracy and/or jointly, did knowingly, intentionally, negligently, maliciously, and/or recklessly falsely arrest, imprison and prosecute Plaintiff, and employ the use

8

of handcuffs and excessive force, in the absence of probable cause or other valid and reasonable legal basis.

44.    At the time of Defendants' conduct, Plaintiff was confined by the Defendants, who were purporting to act under the authority of the law while no such authority existed, and was unlawfully detained by the Defendants while no such probable cause for the detention existed.

45.    Defendants, in concert with each other, engaged in concealment, fraud and subterfuge to prevent the relevant and truthful facts of plaintiff's arrest from being discovered until August 7, 2015.

46.    As a result of Defendants' conduct, Plaintiff suffered and continues to suffer physical injuries, pain and suffering, emotional distress, mental anguish, loss of reputation, and/or related financial losses, all of which are described in detail herein.

47.    The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

WHEREFORE, Plaintiff LEROY GONZALEZ requests that this Court:

    a.  Award damages to the plaintiff against Defendant IN AN AMOUNT IN EXCESS OF FIFTY THOUSAND DOLLARS ($50,000.00)

    b.  Award of costs of this action to the Plaintiff

    c.  Award reasonable attorney's fees to the plaintiff in accordance with 42 U.C. §1983;

    d.  Award such other and further relief, as this Court may deem appropriate.

9

Case ID: 161202499

## COUNT III

### PLAINTIFF, LEROY GONZALEZ v. ALL DEFENDANTS

### INVASION OF PRIVACY – CASTING IN A FALSE LIGHT

48.     Paragraphs 1-47 of the Complaint are incorporated herein by reference.

49.     On or about May 25, 2009, and continuing through August 7, 2015, Defendants CITY OF PHILADELPHIA and POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY BETTS, acting in concert, conspiracy and/or jointly, invaded the privacy and/or cast Plaintiff in a false light by making it appear to others that Plaintiff had violated the laws of the Commonwealth of Pennsylvania and/or had otherwise engaged in conduct that was inconsistent with the character and reputation of the Plaintiff.

50.     During the Defendants' conduct, Defendants gave publicity to a matter concerning the Plaintiff that placed him before the public in a false light that was highly offensive to a reasonable person and the Defendants had knowledge of and/or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the Plaintiff was placed.

51.     Defendants, in concert with each other, engaged in concealment, fraud and subterfuge to prevent the relevant and truthful facts of plaintiff's arrest from being discovered until August 7, 2015.

52.     The actions of all Defendants were undertaken knowingly, intentionally, recklessly, negligently, maliciously and/or in the absence of probable cause or other lawful grounds and/or with the reckless disregard for the truth.

Case ID: 161202499

53.     As a result of Defendants' conduct, Plaintiff suffered and continues to suffer emotional distress, mental anguish, loss of reputation, scorn of the community and/or related financial losses, all of which are described in detail herein.

54.     The action of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

WHEREFORE, Plaintiff LEROY GONZALEZ requests that this Court:

    a. Award damages to the plaintiff against Defendant IN AN AMOUNT IN EXCESS OF FIFTY THOUSAND DOLLARS ($50,000.00)

    b. Award of costs of this action to the Plaintiff

    c. Award reasonable attorney's fees to the plaintiff in accordance with 42 U.C. §1983;

    d. Award such other and further relief as this Court may deem appropriate.

## COUNT IV

### PLAINTIFF, LEROY GONZALEZ v. ALL DEFENDANTS

### MALICIOUS PROSECUTION

55.     Paragraphs 1-54 of the Complaint are incorporated herein by reference.

56.     On or about May 25, 2009, and continuing through August 7, 2015, Defendants CITY OF PHILADELPHIA and POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY BETTS, acting in concert, conspiracy and/or jointly maliciously prosecuted the Plaintiff by instituting criminal proceedings against him without probable cause and with malice before said proceedings were terminated in Plaintiff's favor.

11

57.    Defendants, in concert with each other, engaged in concealment, fraud and subterfuge to prevent the relevant and truthful facts of plaintiff's arrest from being discovered until August 7, 2015.

58.    The actions of all Defendants were undertaken knowingly, intentionally, negligently, recklessly, maliciously and/or in the absence of probable cause or other lawful grounds and/or with the reckless disregard for the truth.

59.    As a result of Defendants' conduct, Plaintiff suffered and continues to suffer special injuries, including injury to his person, injury to his property, emotional distress, mental anguish, loss of reputation, scorn of the community and/or related financial losses, all of which are described in detail herein.

60.    The action of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

WHEREFORE, Plaintiff LEROY GONZALEZ requests that this Court:

    a.  Award damages to the plaintiff against Defendant IN AN AMOUNT IN EXCESS OF FIFTY THOUSAND DOLLARS ($50,000.00)

    b.  Award of costs of this action to the Plaintiff

    c.  Award reasonable attorney's fees to the plaintiff in accordance with 42 U.C. §1983;

    d.  Award such other and further relief as this Court may deem appropriate.

## COUNT V

### PLAINTIFF, LEROY GONZALEZ v. ALL DEFENDANTS

### DEFAMATION

61.    Paragraphs 1-60 of the Complaint are incorporated herein by reference.

Case ID: 161202499

62.     On or about May 25, 2009, and continuing through August 7, 2015, Defendants CITY OF PHILADELPHIA and POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY BETTS, acting in concert, conspiracy and/or jointly made defamatory communications regarding the Plaintiff, a private citizen, in the form of published communications that he had committed crimes the Defendants' knew, or should have known, he did not commit, with the recipient public understanding the defamatory nature of these communications as applied to the Plaintiff.

63.     Defendants, in concert with each other, engaged in concealment, fraud and subterfuge to prevent the relevant and truthful facts of plaintiff's arrest from being discovered until August 7, 2015.

64.     The actions of all Defendants were undertaken knowingly, intentionally, negligently, recklessly, maliciously and/or in the absence of probable cause or other lawful grounds and/or with the reckless disregard for the truth.

65.     As a result of all Defendants' conduct, Plaintiff suffered and continues to suffer special harm, including injury to his person, injury to his property, emotional distress, mental anguish, loss of reputation, scorn of the community and/or related financial losses, all of which are described in detail herein.

66.     The action of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

WHEREFORE, Plaintiff LEROY GONZALEZ requests that this Court:

   a.   Award damages to the plaintiff against Defendant IN AN AMOUNT IN EXCESS OF FIFTY THOUSAND DOLLARS ($50,000.00)

13

b. Award of costs of this action to the Plaintiff

c. Award reasonable attorney's fees to the plaintiff in accordance with 42 U.C. §1983;

d. Award such other and further relief as this Court may deem appropriate.

## COUNT VI

### PLAINTIFF, LEROY GONZALEZ v. ALL DEFENDANTS

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67.     Paragraphs 1-66 of the Complaint are incorporated herein by reference.

68.     On or about May 25, 2009, and continuing through August 7, 2015, Defendants CITY OF PHILADELPHIA and POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY BETTS, acting in concert, conspiracy and/or jointly committed extreme and outrageous conduct intentionally and/or recklessly directed towards the Plaintiff and caused him severe emotional distress.

69.     Defendants, in concert with each other, engaged in concealment, fraud and subterfuge to prevent the relevant and truthful facts of plaintiff's arrest from being discovered until August 7, 2015.

70.     The actions of all Defendants were negligently undertaken, intentionally and/or recklessly, and without probable cause or other lawful grounds.

71.     As a result of Defendants' conduct, Plaintiff suffered and continues to suffer special injury, including injury to his person, injury to his property, emotional distress, mental anguish, loss of reputation, scorn of the community and/or related financial losses, all of which are described in detail herein.

14

Case ID: 161202499

72.     The actions of all Defendants exceeded the normal standards of decent conduct

and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive

damages are necessary and appropriate.

WHEREFORE, Plaintiff LEROY GONZALEZ requests that this Court:

a.  Award damages to the plaintiff against Defendant IN AN AMOUNT IN
    EXCESS OF FIFTY THOUSAND DOLLARS ($50,000.00)

b.  Award of costs of this action to the Plaintiff

c.  Award reasonable attorney's fees to the plaintiff in accordance with 42 U.C.
    §1983;

d.  Award such other and further relief as this Court may deem appropriate.

## COUNT VII

### PLAINTIFF, LEROY GONZALEZ v. ALL DEFENDANTS

### VIOLATIONS OF CIVIL RIGHTS UNDER THE CONSTITUTION OF THE COMMONWEALTH OF PENNSYLVANIA

73.     Paragraphs 1-72 of the Complaint are incorporated herein by reference.

74.     On or about May 25, 2009, through August 7, 2015, Defendants CITY OF

PHILADELPHIA and POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER

MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY

BETTS, acting in concert, conspiracy and/or jointly, committed acts against Plaintiff including

assault and battery, false arrest, false imprisonment, intentional infliction of emotional distress,

malicious prosecution, defamation, and invasion of privacy – casting in a false light. Thereafter,

Defendants POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL

SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY BETTS

made statements to police, the district attorney and others in order to conceal their unlawful and

Case ID: 161202499

unconstitutional conduct and in an attempt to deny Plaintiff access to the courts and to due process. As a direct result of Defendants' actions, Plaintiff was denied his rights under the laws and Constitution of the Commonwealth of Pennsylvania.

75.     Defendants, in concert with each other, engaged in concealment, fraud and subterfuge to prevent the relevant and truthful facts of plaintiff's arrest from being discovered until August 7, 2015.

76.     The conduct of the Defendants, acting in concert and conspiracy, was undertaken knowingly, intelligently, negligently, recklessly and/or with malice and the reckless disregard for the truth.

77.     As a result of the Defendants' conduct, acting in concert and conspiracy, Plaintiff's rights under, but not limited to, Article 1, §§ 1, 8, 9, 13 and 26 of the Constitution of the Commonwealth of Pennsylvania and the laws of the Commonwealth of Pennsylvania were violated as Plaintiff was subjected to the use of excessive or unreasonable use of force, improperly seized and searched, unlawfully detained and arrested, unlawfully interrogated, assaulted and battered, defamed, maliciously prosecuted and denied due process and equal protection of the law. As a result, Plaintiff suffered and continues to suffer physical injuries, pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community and/or related financial loss, all of which are described in detail herein.

78.     The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore punitive damages are necessary and appropriate.

WHEREFORE, Plaintiff LEROY GONZALEZ requests that this Court:

      a.   Award damages to the plaintiff against Defendant IN AN AMOUNT IN EXCESS OF FIFTY THOUSAND DOLLARS ($50,000.00)

Case ID: 161202499

b.  Award of costs of this action to the Plaintiff

c.  Award reasonable attorney's fees to the plaintiff in accordance with 42 U.C. §1983;

d.  Award such other and further relief as this Court may deem appropriate.

### COUNT VIII

**PLAINTIFF, LEROY GONZALEZ v. ALL DEFENDANTS**

**CIVIL CONSPIRACY**

79.  Paragraphs 1-78 of the Complaint are incorporated herein by reference.

80.  On or about May 25, 2009, through August 7, 2015, the Defendants CITY OF PHILADELPHIA and POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY BETTS, acting in concert and conspiracy, committed acts against Plaintiff including assault and battery, false arrest, false imprisonment, unlawful search, defamation, intentional infliction of emotional distress and invasion of privacy – casting in a false light. Thereafter, Defendants POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY BETTS, acting within the scope and course of their duty as agents, servants and/or employees of Defendant, CITY OF PHILADELPHIA, made statements to the police, the district attorney and others in order to conceal their unlawful and unconstitutional conduct and in an attempt to deny Plaintiff access to the courts and to due process.

81.  Defendants, in concert with each other, engaged in concealment, fraud and subterfuge to prevent the relevant and truthful facts of plaintiff's arrest from being discovered until August 7, 2015.

Case ID: 161202499

82.     The conduct of the Defendants, acting in concert and conspiracy, was undertaken knowingly, intentionally, intelligently, negligently, recklessly and/or with malice and the reckless disregard for the truth.

83.     As a result of Defendants' conduct, acting in concert and conspiracy, Plaintiff suffered and continues to suffer physical injuries, pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community and/or related financial losses, all of which are described in detail herein.

84.     The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

WHEREFORE, Plaintiff LEROY GONZALEZ requests that this Court:

    a.  Award damages to the plaintiff against Defendant IN AN AMOUNT IN EXCESS OF FIFTY THOUSAND DOLLARS ($50,000.00)

    b.  Award of costs of this action to the Plaintiff

    c.  Award reasonable attorney's fees to the plaintiff in accordance with 42 U.C. §1983;

    d.  Award such other and further relief as this Court may deem appropriate.


### COUNT IX

**PLAINTIFF, LEROY GONZALEZ v. ALL DEFENDANTS**

**NEGLIGENCE**

85.     Paragraphs 1 through 79 are incorporated herein by reference as though here set forth at length.

18

Case ID: 161202499

86.     Defendants, in concert with each other, engaged in concealment, fraud and subterfuge to prevent the relevant and truthful facts of plaintiff's arrest from being discovered until August 7, 2015.

87.     Defendant CITY OF PHILADELPHIA, acting by and through the PHILADELPHIA POLICE DEPARTMENT and the individual officers thereof, created a policy or custom of deliberate indifference to the freedom, safety, well-being, and needs of the members of the general public and detainees, when they failed to establish and/or enforce proper policies and procedures which ensured that members of the general public such as Plaintiff LEROY GONZALEZ, were not falsely oppressed, detained or imprisoned, and assaulted, such as to constitute a denial of their rights under the Constitutions of the United States and the Commonwealth of Pennsylvania.

88.     Defendant, CITY OF PHILADELPHIA, had a duty to select and retain only competent police officers and it failed in this duty resulting in unqualified, dishonest, and violent police officers, Defendants POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY BETTS, being employees and leading to the false imprisonment, oppression, assault, and various injuries to Plaintiff LEROY GONZALEZ.

89.     Defendant, CITY OF PHILADELPHIA, had a duty to arrange, coordinate, oversee, and monitor all police officers working in the PHILADELPHIA POLICE DEPARTMENT, and it failed in this duty when it hired police officers on the force in the Defendants POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY BETTS, who

19

are violent, untrained, and prone to making false arrests and false statements, as well as planting false evidence.

90.    Defendant, CITY OF PHILADELPHIA, failed in its duty to arrange, coordinate, oversee and monitor all police officers by continuing to employ Defendants POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY BETTS, when it knew from their past acts that they are prone to making false arrests and false statements, planting evidence, and committing violence directed at members of the public without regard as to whether they had actually committed criminal acts.

91.    Defendant, CITY OF PHILADELPHIA, had a duty to formulate, adopt, and enforce adequate rules and procedures to ensure qualified and trained police officers on its force and it failed in this duty which led to the mistreatment and physical harm, unlawful arrest, false imprisonment, emotional trauma, pain, suffering, fear, anxiety, embarrassment suffered by the Plaintiff, and financial losses, all of which are described in detail herein.

92.    As a direct and proximate result of the Defendant's, CITY OF PHILADELPHIA, illegal and unconstitutional actions and omissions, LEROY GONZALEZ sustained pain, suffering, fear, anxiety, embarrassment, emotional trauma, loss of freedom, lost wages as well as the loss of future earning capacity.

93.    The actions of Defendants, POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY BETTS, acting on behalf of and under color of their authority as Philadelphia police officers, violated clearly established and well settled federal constitutional rights of

Case ID: 161202499

LEROY GONZALEZ in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C § 1983.

94.     As a direct and proximate result of all Defendants' conduct, committed under color of state law, Defendants deprived LEROY GONZALEZ of his rights, privileges, and immunities under the laws and Constitution of the United States; his right to be free from unlawful imprisonment, pain, suffering, emotional distress, physical danger and excessive force; his right to personal security; and to due process and equal protection of the law.

95.     As a result, LEROY GONZALEZ suffered and continues to suffer harm, in violation of his rights under the laws and the Constitution of the Commonwealth of Pennsylvania and the laws and Constitution of the United States, in particular the Fourth, Fifth, Eighth, and Fourteenth Amendments, and 42 U.S.C § 1983.

96.     The Defendant, CITY OF PHILADELPHIA, has encouraged, tolerated, ratified, and been deliberately indifferent to the following patterns, practices, and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a.     The abuse of police powers, including unlawful detention under conditions that constitute a violation of the Eighth Amendment's prohibition against cruel and unusual punishment;

b.     The failure of the PHILADELPHIA POLICE DEPARTMENT to train, supervise, control and discipline officers and agents, thereby denying detainees such as LEROY GONZALEZ his civil rights under the law and Constitution of the United States, in particular the Fourth, Fifth, Eighth, and Fourteenth Amendments, and 42 U.S.C § 1983; and

c.     The failure of the PHILADELPHIA POLICE DEPARTMENT officers to prevent, deter, report, or take action against the unlawful conduct of other officers, such as Defendants POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY BETTS under such circumstances as presented here;

21

d.   Failure to prevent the unlawful arrest and imprisonment by Defendants POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY BETTS;

e.   Failure to properly train, test, and/or select police officers for the PHILADELPHIA POLICE DEPARTMENT;

f.   Failure to properly supervise, control and discipline the PHILADELPHIA POLICE DEPARTMENT officers;

g.   Failure to prevent Plaintiff from being injured by the CITY OF PHILADELPHIA Police Officers THOMAS LICIARDELLO, MICHAEL SPICER, SEAN O'MALLEY and PERRY BETTS, where Defendant knew or had reason to know of the propensities of said officers; and

h.   Otherwise acting without regard for the rights, safety, and position of the Plaintiff, in accordance with the laws of the Commonwealth of Pennsylvania.

97.   Defendant CITY OF PHILADELPHIA failed to properly sanction or discipline officers, who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by other employees, thereby causing and encouraging officers of the PHILADELPHIA POLICE DEPARTMENT to violate the rights of citizens such as LEROY GONZALEZ.

98.   At all times material hereto, Defendant CITY OF PHILADELPHIA failed to properly hire police officers to ensure that they were qualified and trained to appropriately interact with members of the general public.

99.   At all times material hereto, Defendant CITY OF PHILADELPHIA negligently failed to supervise and train their police officers, allowing employees THOMAS LICIARDELLO, MICHAEL SPICER, SEAN O'MALLEY and PERRY BETTS to engage in planting false evidence and engaging in unlawful arrest and imprisonment of Plaintiff by

22

tolerating their employees' unlawful conduct and failing to restrain their employees from the use of such conduct against members of the general public.

100. Defendant, CITY OF PHILADELPHIA's, failed to enforce policies resulting in PHILADELPHIA POLICE DEPARTMENT Officers THOMAS LICIARDELLO, MICHAEL SPICER, SEAN O'MALLEY and PERRY BETTS interacting inappropriately with the Plaintiff in the course of his duties.

101. As a direct and proximate result of the Defendant's conduct, the Plaintiff sustained significant injuries and damages.

102. By these actions, Defendant CITY OF PHILADELPHIA's employees THOMAS LICIARDELLO, MICHAEL SPICER, SEAN O'MALLEY and PERRY BETTS deprived Plaintiff LEROY GONZALEZ of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C §1983.

103. As a direct and proximate result of the recklessness, carelessness, negligence, and wanton and willful misconduct of all Defendants, Plaintiff LEROY GONZALEZ suffered injuries which were and are serious, severe, and permanent; including but not limited to serious and severe shock to his emotional and nervous systems which has caused, continues to cause, and may well in the future cause him to experience great pain, suffering, agony, discomfort, as well as mental anguish, and financial losses, all of which are described in detail herein.

104. As an additional result of the aforementioned incident, Plaintiff LEROY GONZALEZ has suffered a severe loss of his earnings and an impairment of his earning capacity and/or power, and he has lost the emoluments, which would have come to him through the course of his employment.

WHEREFORE, Plaintiff LEROY GONZALEZ requests that this Court:

Case ID: 161202499

a. Award damages to the plaintiff against Defendant IN AN AMOUNT IN EXCESS OF FIFTY THOUSAND DOLLARS ($50,000.00);

b. Award of costs of this action to the Plaintiff

c. Award reasonable attorney's fees to the plaintiff in accordance with 42 U.C. §1983;

d. Award such other and further relief as this Court may deem appropriate.

### COUNT X

### PLAINTIFF, LEROY GONZALEZ v. ALL DEFENDANTS

### PUNITIVE DAMAGES.

105.   Paragraphs 1 through 104 are incorporated herein by reference as though here set forth at length.

106.   Defendants, in concert with each other, engaged in concealment, fraud and subterfuge to prevent the relevant and truthful facts of plaintiff's arrest from being discovered until August 7, 2015.

107.   The above mentioned actions of the Defendants, POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER SEAN O'MALLEY and POLICE OFFICER PERRY BETTS, were malicious, intentional, wanton, willful, reckless, and said behavior constituted outrageous indifference for the rights, life, safety, and well-being of Plaintiff, such that punitive damages are warranted and should be awarded.

WHEREFORE, Plaintiff LEROY GONZALEZ requests that this Court:

a. Award damages to the plaintiff against Defendant IN AN AMOUNT IN EXCESS OF FIFTY THOUSAND DOLLARS ($50,000.00)

b. Award of costs of this action to the Plaintiff

c. Award reasonable attorney's fees to the plaintiff in accordance with 42 U.C. §1983;

24

Case ID: 161202499

d.  Award such other and further relief as this Court may deem appropriate.

Respectfully Submitted,

OMNIS LAW GROUP, LLC

__/s/___ *Coley O. Reynolds*___
COLEY O. REYNOLDS, ESQUIRE
Attorney for Plaintiff

25

VERIFICATION

I verify that the statements made in the foregoing Civil Complaint are true and correct. I

understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904

relating to unsworn falsification to authorities.

_10/7/16_
Date

_Leroy Gonzalez, Plaintiff_

Case ID: 161202499

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Leroy Gonzalez | : | CIVIL ACTION |
| v. | : | |
| City of Philadelphia and | : | |
| Police Officer Thomas Liciardello, | : | |
| Badge No. 4383 | : | CIVIL ACTION NO. |
| Police Officer Michael Spicer, | : | |
| Badge No. 5180 | : | |
| Police Officer Sean O'Malley, | : | |
| Badge No. 6991 | : | |
| Police Officer Perry Betts, | : | |
| Badge No. 6761 | : | |
| | : | Jury Trial Demand |

| | | |
|---|---|---|
| Leroy Gonzalez | : | Civil Action |
| v. | : | |
| City of Philadelphia and | : | |
| Police Officer Thomas Liciardello, | : | |
| Badge No. 4383 | : | CIVIL ACTION NO. |
| Police Officer Michael Spicer, | : | |
| Badge No. 5180 | : | |
| Police Officer Sean O'Malley, | : | |
| Badge No. 6991 | : | |
| Police Officer Perry Betts, | : | |
| Badge No. 6761 | : | |
| | : | Jury Trial Demand |
| | : | No. 20161202499 |
| | : | |

## CERTIFICATE OF SERVICE

I, Joseph J. Santarone, Esquire, do hereby certify that a true and correct copy of Defendant NFU Officers' Notice of Removal was served upon all parties by first class mail on the below listed date at the following address:

Coley O' Reynolds, Esq.
Omnis Law Group LLC
1515 Market St.
Suite 1210
Philadelphia, PA 19102

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN


JOSEPH J. SANTARONE, ESQUIRE
Attorney for Police Officers Thomas Liciardello,
Michael Spicer, and Perry Betts

DATE: 2/21/17

2